**King On WONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72438.

Agency No. A27–553–309.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided Aug. 11, 2005.

Priscilla Wong, San Francisco, CA, for Petitioner.

Gjon Juncaj, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Arthur L. Rabin, DOJ–U.S. Department of Justice, Civil Division/Torts Branch, Washington, DC, for Respondent.

Before GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM*

King On Wong, a native and a citizen of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of asylum. We have jurisdiction under 8 U.S.C. § 1105(a), as amended by the transitional rules in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review the BIA's legal findings de novo. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

■ Wong contends that his current fear of persecution if returned to Hong Kong belies the BIA's finding that he had been firmly resettled there, and thus was ineligible for asylum. We disagree. The BIA correctly held that Wong's current fear of persecution is not relevant to a finding that he was previously firmly resettled in Hong Kong. The firm resettlement inquiry is concerned only with the alien's situation *before* coming to the United States. *See* 8 C.F.R. § 208.13(c)(2)(i)(B) (stating that an alien is barred from asylum if the alien *"[h]as been* firmly resettled . . . .") (emphasis added); *see also Vang v. INS,* 146 F.3d 1114, 1117 (9th Cir.1998) (holding that whether an alien currently has permanent resident status in a country is irrelevant to determining whether an alien was formerly a permanent resident and thus firmly resettled there).

■ Wong's fear of persecution if returned to his country of resettlement is more properly addressed by a request for withholding of removal under 8 U.S.C. § 1231(b)(3). However, Wong has waived any withholding of removal claim by failing to raise it on appeal.

Wong also argues that Hong Kong, which reverted to the suzerainty of mainland China in 1997, cannot be considered another country for the purposes of firm resettlement. Assuming *arguendo* that this argument has merit, we must still reject its relevance to Wong. He was firmly resettled in Hong Kong well before the 1984 date in which it was agreed that Hong Kong in its entirety would revert to mainland China by 1997.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.